UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DUNCAN SOLUTIONS, INC. and DUNCAN PARKING TECHNOLOGIES, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-1526-CAB (MDD)<br><br>**ORDER ON DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br>**[Doc. No. 113]** |

This matter is before the Court on Defendants Duncan Solutions, Inc. ("DSI") and Duncan Parking Technologies, Inc's (collectively "Defendants") Motion for Leave to File Documents Under Seal. [Doc. No. 113.] Defendants seek to file Exhibits 3, 6, 7, and 8, filed as exhibits to Mr. Kalb's declaration in support of Defendants' Opposition to IPS Group, Inc.'s Motion to Strike Statement of Balu Subramanya or Alternatively for Relief Under Rule 56(b). Defendants argue: (1) the documents should be sealed because they have been designated by either DSI or Plaintiff as confidential and (2) the documents constitute a protectable trade secret because they contain sensitive business information.

However, it is not obvious from the contents of Exhibits 6, 7 and 8[1] that "compelling reasons" justify sealing the documents notwithstanding the "strong presumption" in favor of public access. *See Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.").

In light of the foregoing, the Court is disinclined to allow Exhibits 6, 7 and 8 sealed-lodged at Docket Number 114 to be filed under seal. Accordingly, it is hereby ORDERED as followed:

1. The motion to file under seal Exhibit 3 is **GRANTED**;
2. The motion to file under seal is **GRANTED** *temporarily* as to Exhibits 6, 7 and 8;
3. On or before June 8, 2017, the party[2] who designated Exhibits 6, 7 and 8 confidential shall file either (a) a memorandum not to exceed ten pages explaining why the documents should be filed under seal, with citation to legal authority, if any; or (b) a notice that the confidential designation is withdrawn and the document(s) can be filed publicly;
4. Upon receipt of the response to this Order, the Court will determine whether to order that the documents be sealed permanently, or publicly filed.

It is **SO ORDERED**.

Dated: June 1, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Exhibits 7 and 8 relate to agreements with City Councils that the Court presumes are publicly available.

[2] The Court suspects this was Plaintiff as the motion states these documents "contain sensitive technical information that is regarded as proprietary to IPS and [are] marked as 'Confidential – For Counsel Only," but the motion itself and accompanying declaration is silent as to who designated these documents as confidential.