# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>DUNCAN SOLUTIONS, INC., et al.,<br>                           Defendants. | Case No.: 15cv1526-CAB-MDD<br><br>**ORDER ON JOINT MOTION PRESENTING DEFENDANT DUNCAN PARKING TECHNOLOGIES, INC.'S MOTION FOR DISCOVERY SANCTIONS AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF NO. 150]** |

Pending before the Court is a Joint Motion of the parties presenting Defendant Duncan Parking Technologies, Inc.'s ("DPT") Motion for Discovery Sanctions against Plaintiff and Plaintiff's Cross-Motion for a Protective Order, filed on July 13, 2017. (ECF No. 150).

DPT asserts that sanctions should be imposed because counsel for Plaintiff improperly instructed witnesses not to answer on grounds of

relevance; instructed a third-party witness not to answer on grounds of privilege; presented two witnesses under Rule 30(b)(6) who were not properly prepared; instructed witnesses to read every page of lengthy documents on the record to add to the running time; and, engaged in unprofessional conduct including standing and leaning over the table, pointing and yelling. (*See* ECF No. 150 at 3).[1]

For relief, DPT seeks additional deposition time with Messrs. King, Randall and Hall to follow up on topics where the witnesses improperly were instructed not to answer; additional Rule 30(b)(6) deposition time on the topics for which the witnesses presented were unprepared; reasonable costs of travel and 50% of attorney's fees incurred for the additional deposition time; an order preventing speaking objections and coaching by requiring objections be to "form;" $8000 to offset fees and expenses associated with the first depositions; and, $5000 for fees associated with filing the instant motion. (ECF No. 150 at 4).

For its part, Plaintiff opposes and cross-moves for a protective order. Specifically, Plaintiff seeks a protective order: 1. "limiting" the recall of Mr. Hall, the third party witness who was Plaintiff's patent prosecution counsel, but really appears to be seeking to prevent his recall; 2. "limiting" the recall of its CEO, Mr. King, but claims that the instructions to Mr. King not to answer were justified; 3. Preventing the recall of its CTO, Mr. Schwarz; and, 4. Preventing the recall of its COO, Mr. Randall. (ECF No. 150 at 5-7).

In the instant Joint Motion, DPT is not seeking to compel specific answers to specific questions under Fed. R. Civ. P. 37(a)(3)(B)(i), instead

---

[1] The Court will refer to pleadings and documents filed by their docket number in CM/ECF and refer to the page numbers assigned by CM/ECF rather than their original pagination.

2

seeking sanctions as provided above. DPT did not identify the Federal Rule applicable to this dispute. For edification of the reader, and counsel for DPT, the applicable Rule is Rule 30(d)(2). Plaintiff properly grounds its motion for a protective order under Rules 26(c) and 30(d)(3).

DPT's decision to seek sanctions only under Rule 30(d)(2) and not seek to compel specific answers to certain questions or to compel Plaintiff to present properly prepared designees under Rule 37 is curious. DPT's tactical choice limits the Court to determining whether Plaintiff impeded, delayed or frustrated the fair examination of a deponent rather than merely finding that a deponent failed to answer a question or that Plaintiff failed to make a proper designation allowing the Court more easily to provide the relief sought. So be it.

As it is, this case presents a series of rather petty disputes arising from the manner in which counsel for Plaintiff defended four depositions. For the most part, counsel for Plaintiff did little to reflect the civility and professionalism expected of an attorney practicing in this Court. Plaintiff's counsel also may not understand that the Federal Rules of Civil Procedure that govern deposition practice are not merely advisory.

## **LEGAL STANDARD**

Rule 30(d)(2), Fed. R. Civ. P., provides:

> The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

Rule 30(d)(2) sanctions do not require a finding of bad faith. *See Robinson v. The Chefs' Warehouse,* 2017 WL 1064981 *2, No. 3:15-cv-05421-RS (KAW) (N.D. Cal. March 21, 2017).

Rule 26(c), Fed. R. Civ. P., provides that a party from whom discovery is sought may seek a protective order which the court, for good cause, may issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense."

Rule 30(d)(3), Fed. R. Civ. P., provides:

> during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. . . . If the objecting party so demands, the deposition must be suspended for the time necessary to obtain an order.

Finally, Rule 30(c)(2), Fed. R. Civ. P., provides, in pertinent part:

> An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Instructing a deponent not to answer a question on any grounds not delineated in Rule 30(c)(2) can be grounds for sanctions under Rule 30(d)(2). *See Nguyen v. LVNV Funding, LLC, et al.,* 2017 WL 951026 *12, No. 15cv0758-LAB-RBB (S. D. Cal. March 10, 2017).

## ANALYSIS

I. Instructions Not to Answer

    a. King Deposition[2]

DPT asserts that counsel for Plaintiff improperly instructed witnesses King and Hall not to answer certain questions and provided excerpts from

---

[2] A redacted version of the transcript of the King deposition can be viewed at ECF No. 192-3.

those depositions for review. (*See* ECF No. 191). A review of the excerpts and the underlying transcript shows that attorney Christopher D. Mays, of the law firm Wilson Sonsini Goodrich & Rosati P.C., representing Plaintiff, wrongly instructed Mr. King not to answer questions he deemed irrelevant and often did so with improper speaking objections.

Counsel for DPT attempted to question Mr. King regarding vehicle sensors. Rather than simply interposing an objection, attorney Mays demanded an explanation of the relevance of the line of questioning from counsel for DPT. When counsel for DPT properly refused to engage with Mr. Mays on the issue, Mr. Mays instructed his client not to answer solely on the basis of relevance. (ECF No. 191 at 2; *see* ECF 192-3 at 51-52 for the complete exchange).

Plaintiff now asserts that the objections to the line of questioning and instructions not to answer were because the questioning was in bad faith and intended to embarrass or harass Plaintiff. (ECF No. 150 at 6). Plaintiff argues that the inquiry was so clearly irrelevant that "the clear implication is that DPT intends to disparage IPS." (ECF No. 150-1 at 16). DPT counters that the line of questioning is relevant to a determination of what drives sales of the parking meters at issue. (ECF No. 150-1 at 6 n.1).

Mr. Mays did not object or otherwise assert at the time that the line of questioning was in bad faith or intended to unreasonably annoy or embarrass Plaintiff or the witness. Had he thought so at the time, he was required to move to terminate or limit the deposition under Rule 30(d)(3)(A). That he did not do so speaks volumes. Although the relevance is questionable, and the answers ultimately may not be admissible, Plaintiff has failed to convince the Court that the line of questioning was "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

1  Rule 30(d)(2), Fed. R. Civ. P.  The instruction not to answer this line of
2  questioning was improper and impeded and frustrated the fair examination
3  of the deponent.

4  Mr. Mays also objected on grounds of relevance and instructed Mr. King
5  not to answer questions regarding a consultant for Plaintiff named Julie
6  Dixon, who apparently performed project manager services for Plaintiff.
7  (ECF No. 191 at 2-4; 192-3 at 52-55).  Although the relevance of this line of
8  questioning also is unclear, it was improper for Mr. Mays to instruct Mr.
9  King not to answer on grounds of relevance.  Plaintiff has failed to convince
10 the Court that the line of questioning was "conducted in bad faith or in a
11 manner that unreasonably annoys, embarrasses, or oppresses the deponent
12 or party."  Rule 30(d)(2), Fed. R. Civ. P.  The instruction not to answer this
13 line of questioning was improper and impeded and frustrated the fair
14 examination of the deponent.

### b. Hall Deposition[3]

Regarding the Hall deposition, DPT asserts that counsel wrongly instructed Mr. Hall not to answer certain questions based upon a claim of attorney-client privilege and the common interest doctrine.  (*See* ECF No. 191 at 8-10).

The Court finds that the appropriate vehicle for DPT to challenge the assertion of privilege is a motion to compel under Rule 37(a)(3)(b)(i).  That would allow the matter to be fully briefed with appropriate declarations. Under Rule 30(d)(2), having reviewed the record, the Court cannot find that the assertion of privilege was frivolous and thus intended to frustrate the fair

---

[3] A redacted version of the transcript of the Hall deposition can be viewed at ECF No. 192-2.

examination of the deponent.

II. Coaching

DPT asserts that Mr. Mays improperly coached witnesses Randall, King and Schwarz through the use of suggestive objections and provides excerpts for review. (*See* ECF No. 191-1). The excerpts are not only insufficient to the task, they are misleading because they lack context. The excerpts reflect the objections and conforming answers, painting a picture of coaching, but do not supply the questions prompting the objections. If the objection is well-founded, concise, and nonargumentative it is not likely to be suggestive. Consequently, the Court was compelled to dive into the deposition transcripts. The Court's joy in doing so, considering that the three depositions cover over 800 pages, is boundless.

a. Randall Deposition[4]

Having reviewed the transcript of the Randall deposition, the Court finds that Mr. Mays improperly coached Mr. Randall. For example, at page 30, lines 8-16, of the deposition, Mr. Randall was asked some basic questions regarding his knowledge of his obligations as a corporate designee under Rule 30(b)(6):

> Q. Do you understand that part of your responsibility as a 30(b)(6) corporate designee testifying on behalf of the company is to attempt to prepare by learning information that the corporation may have that you do not personally have?
> MR. MAYS: Objection. Calls for a legal conclusion.
> THE WITNESS: I'm not an attorney, so I couldn't answer that.

(ECF No. 192 at 11). And at page 31, lines 2-8:

---

[4] A redacted version of the transcript of the Randall deposition may be viewed at ECF No. 192.

7

15cv1526-CAB-MDD

> Q. As a 30(b)(6) representative, you're testifying not with regard solely to what you know but what the company, IPS Group, as a whole knows. Do you – do you understand that?
> MR. MAYS: Objection. Calls for a legal conclusion.
> THE WITNESS: I'm not an attorney, but I ….

(*Id.*). There is nothing inappropriate or objectionable about asking a witness if he or she understands why the witness is there and what the witness understands of his or her obligations. The Court finds that interjecting these baseless objections suggesting how the witness should respond set the tone for the more serious problems to follow.

Mr. Randall apparently signed a declaration in connection with a motion in this case. At page 71 of the transcript, counsel for DPT questioned Mr. Randall regarding his own statements in the declaration:

> Q. Okay. Well, if you could turn to paragraph 8 on page – Exhibit A-page 31, please – the first sentence of paragraph 8 reads "IPS Group's M3 and M5 single-space parking meters incorporate the structures covered by the patents asserted in this case." Do you see that?
> A. I do see that.
> Q. Is it a true statement?
> MR. MAYS: Objection. Calls for a legal conclusion and outside the scope.
> THE WITNESS: Again, I'm not an attorney. I rely on my attorney and experts hired by attorneys to make legal assertions.

(ECF No. 192 at 21). Also regarding Mr. Randall's own declaration, at page 74, lines 10-20:

> Q. Do the M3 and M5 single-space parking meters both incorporate solar panels?
> A. Yes, they do.
> Q. Is that one of the structures covered by the patents asserted in this case that you are referring to in the first sentence of paragraph 8 of your declaration?
> MR. MAYS: Objection. Calls for a legal conclusion. Outside the scope.

8

THE WITNESS: Once again, I'm not an attorney. IPS has hired attorneys and experts in order to make those determinations.

(*Id.* at 22). It is inconceivable that questions posed to a witness regarding the accuracy of and basis for the witness' prior statements "calls for a legal conclusion." That the witness avoided answering questions by parroting the objection repeatedly throughout the transcript makes it clear to the Court that Mr. Mays was coaching. The Court was hard-pressed to find more than a few instances where Mr. Randall actually answered a question after the "calls for a legal conclusion" objection was interposed. DPT had the absolute right to question Mr. Randall regarding his prior sworn statement and was impeded and frustrated in that regard by the improper coaching objections by Mr. Mays.

b. King Deposition

As with the Randall deposition, DPT provided excerpts that only reflect the objection and the conforming answer. In reviewing the King transcript, the Court finds that Mr. King was coached. There are any number of objections by Mr. Mays for vagueness, for calling for speculation, for calling for a legal conclusion that are parroted by Mr. King in his responses. Yet, for the most part, although improper, the Court finds that the coaching did not rise to the level of frustrating the fair examination of the deponent. Ignoring Rule 30(c)(2), however, is conduct that the Court needs to address.

c. Schwarz Deposition[5]

Once again, the Court was compelled to review the transcript to determine, in the context of the questions asked, whether the interposed

---

[5] A redacted version of the transcript of the Schwarz deposition can be viewed at ECF No. 192-1.

1 objections were improper coaching. As with Mr. King, Mr. Schwarz regularly
2 followed the lead of his attorney's objection in responding to a question. And,
3 as with Mr. King, although improper, the Court finds that the coaching did
4 not rise to the level of frustrating the fair examination of the deponent.
5 Ignoring Rule 30(c)(2), however, is conduct that the Court needs to address.

   III. <u>Speaking Objections</u>

7 In the excerpts, DPT presents examples, of speaking objections by Mr.
8 May from the depositions of Messrs. Randall, King, and Schwarz. (ECF No.
9 191-2). Having been compelled to peruse the entirety of these transcripts,
10 the Court is firmly convinced that Mr. May made excessive use of speaking
11 objections. The unnecessary and inappropriate verbosity took up valuable
12 time but the Court is not going to measure it. Suffice to say, as annoying and
13 unprofessional as it was, the Court cannot say that it frustrated the fair
14 examination of the deponent. Ignoring Rule 30(c)(2), however, is conduct that
15 the Court needs to address.

   IV. <u>Unprofessional Conduct</u>

17 DPT also presents an excerpt from the Randall deposition in which Mr.
18 Mays is accused of yelling, pointing and standing. (ECF No. 191-3; 192 at 22-
19 23). This exchange occurred while counsel for DPT was trying to get Mr.
20 Randall to answer questions regarding the accuracy and basis for his own
21 prior, sworn statement. As discussed above, Mr. Mays was dead wrong in
22 preventing his client from answering these questions and compounded his
23 error with incivility. This misconduct also will be addressed.

24 DPT also provides an excerpt from a sealed deposition in which Mr.
25 Mays is alleged to have committed misconduct by insisting that his client
26 read a lengthy document while refusing to go off the record. As DPT does not
27 mention the episode in its supporting Memorandum and does not seek any

particular relief in this regard, the Court will not address it.

V. <u>Unprepared 30(b)(6) Witnesses</u>

DPT provides excerpts from the depositions of Mr. Randall and Mr. Schwarz which reflect that these witnesses were not properly prepared as designees under Rule 30(b)(6) on certain topics. (*See* ECF No. 191-4). DPT could have, under Rule 37(a)(3)(B)(ii), moved to compel and for sanctions on the grounds that presenting an unprepared designee is tantamount to failing designate at all on the given topics. But having limited the Court to considering whether the fair examination of these deponents was impeded, delayed or obstructed, the Court cannot, after reviewing the transcripts as a whole, say that that is the case.

## **CONCLUSIONS AND ORDER**

Rather than seeking to compel certain witnesses to answer specific questions or to compel Plaintiff to produce designees prepared to testify on specific topics, as it could have under Rule 37, DPT instead seeks more general relief in the form of additional deposition time, some fees and costs and an order preventing Plaintiff's counsel from coaching or making speaking objections. Despite being limited under Rule 30(d)(2) to determining whether the fair examination of certain deponents was delayed, frustrated or impeded, the Court **GRANTS IN PART** the motion for sanctions and **ORDERS** as follows:

1. DPT may depose Mr. King regarding parking sensors and Julie Dixon. The deposition is limited to two hours. Plaintiff must reimburse DPT for reasonable travel, attorney's fees, court reporting and any facility costs for this renewed deposition.
2. DPT may depose Mr. Randall regarding his knowledge of his obligations as a designee under Rule 30(b)(6) and regarding the

11

accuracy of and basis for statements previously made by him in this litigation. The deposition is limited to two hours. Plaintiff must reimburse DPT for reasonable travel, attorney's fees, court reporting and any facility costs for this renewed deposition.

3. Objections to questions are limited to the following: "Objection as to form." Witnesses may not be instructed not to answer any questions unless necessary to enforce a privilege, to enforce a limitation imposed by the Court (such as this Order), or to present a motion under Rule 30(d)(3).

4. Mr. Mays is admonished to refrain, on pain of personal sanctions, from further unprofessional outbursts and to re-read the Federal Rules of Civil Procedure governing discovery and deposition practice.

5. Plaintiff's motion for a protective order is **DENIED** in light of the Court's ruling.

6. DPT's motion for additional relief is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 11, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

12

15cv1526-CAB-MDD