UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DUNCAN SOLUTIONS, INC. and DUNCAN PARKING TECHNOLOGIES, INC.,<br><br>        Defendants. | Case No.: 15-cv-1526-CAB (MDD)<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. No. 177]** |

This matter comes before the court on Defendants' motion for summary of non-infringement of U.S. Patent Nos. 7,854,310 ("the '310 patent") and 8,595,054 ("the '054 patent") by the Liberty No Solar Panel and Liberty Next Gen. [Doc. No 177.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral arguments in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiff IPS Group, Inc. manufactures solar-powered parking meters and is the sole owner of '310 and '054 patents. Defendants Duncan Solutions, Inc. ("Duncan Solutions") and Duncan Parking Technologies, Inc. ("Duncan Parking"), in direct competition with plaintiff, market the Duncan Liberty® Single-Space Meters to municipalities.

In the Second Amended Complaint, it is alleged that Duncan's products, "including, but not limited to the Duncan Liberty® Single-Space Meters infringe one or more claims of the '054 the '310 Patents. Duncan's parking meter products are solar powered, fit in single space parking meter housings, allow cash and credit card/electronic payment, and can be managed wirelessly." [Doc. No. 34 at ¶ 15.] Plaintiff alleges claims against Defendants for direct infringement, willful infringement, inducement of infringement, and contributory infringement.

Plaintiff asserts that Defendants' Duncan Liberty® Single-Space Meters infringe Claim 1 of the '054 Patent because it includes, among other things, "an upper portion with a solar panel that charges the power management facility." [*Id.* at ¶ 31(h).] Claim 1 of the '054 Patent provides that the parking meter device includes an upper portion and a lower portion, "wherein the upper portion of the parking meter device includes a solar panel that charges the power management facility[1]." [Doc. No 34-1, at 12, Col. 6:1-3.][2] Dependent Claim 8 states that "[t]he [parking meter as claimed in Claim 1, wherein the solar panel is located on the rear side of the upper portion of the parking device and is configured to be visible through a solar panel window of the cover when the cover is closed over the upper portion." [*Id.* at Col. 6:36-40.]

As to the '310 patent, Plaintiff contends that the Duncan Liberty® Single-Space Meters infringe as least Claim 1 of the '310 patent because it includes, among other things, "[a] solar cell operatively associated with said connections to charge said battery." [Doc. No. 34 at ¶ 46(d).] Claim 1 of the '310 Patent claims the invention to be a parking meter that includes "a solar cell operatively associated with said connections to charge" the rechargeable battery used to power the reader, sensor and device. [Doc. No. 34-2 at 9, Col. 3:57-58.] Further, the claimed parking meter includes "a rear face comprising a surface of

---

[1] The power management facility "supplies power to the timer, payment facilitating arrangement, and display." [Doc. No. 34, at Col 5:52-54.]

[2] Document and page cites refer to the CM/ECF assigned page designations at the top of the docketed document.

the cover panel and a surface of the intermediate panel set providing a window aperture via which said solar cell is exposed to light." [*Id.* at Col. 4:5-7.] Claim 9 of the '310 Patent describes the module of the parking meter as being comprised of multiple elements, including an electronic device comprising of "(iv) a solar cell operatively coupled with the rechargeable battery to charge the rechargeable batter,[sic] the solar cell being disposed to receive light via the second window." [*Id.* Col. 4:64-67.]

On July 31, 2017, Defendants filed their motion for summary judgment of non-infringement of U.S. Patent Nos. 7,854,310 and 8,595,054. [Doc. No. 177.[3]] Plaintiff filed its response in opposition [Doc. No. 207] and Defendants filed their reply [Doc. No. 231].

On August 7, 2017, a claim construction hearing and motion hearing was held in this matter and the related litigation, Case No. 3:17-cv-00632-CAB-MD ("the '17 case"). [Doc. No. 186; Doc. No. 66 in the '17 case.] At the hearing, the undersigned indicated that the '310 and '054 patent infringement claims filed against CivicSmart[4] in the'17 case should be moved to this case and asked the parties to meet and confer on the topic and submit a joint proposal to the Court. [Doc. No. 78 in the '17 case, at 26-30, 45-46.] As of the date of this Order, the parties have not moved to join CivicSmart nor submitted a joint proposal, and the Court has not issued an order consolidating the '17 case claims into this case.

On August 16, 2017, the undersigned granted Defendants' motion for summary judgment of non-infringement of the '310 patent by Duncan's Liberty® Single-Space Meter. [Doc. No. 198.] Accordingly, Defendants' motion in regards to the '310 patent is moot.

---

[3] A redacted version of this motion and memorandum in support were filed at Doc. No. 190 of the CM/ECF and the exhibits accompanying the motion were filed under seal at Doc. No. 184.

[4] In August or so of 2015, Duncan Solutions sold off Duncan Parking Solutions to CivicSmart. Duncan Parking Solutions is a wholly-owned subsidiary of CivicSmart. [Doc. No. 78 in the '17 case, at 25.]

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." However, "courts have 'no business' deciding legal disputes or expounding on law in the absence of [] a case or controversy." *Already, LLC v. Nike, Inc*, 568 U.S. 85, 90 (2013) (citing *DamilerChrylser Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).

In patent cases, "the existence of case or controversy must be evaluated on a claim-by-claim basis." *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012) (quoting *Jervis B. Webb Co. v. So. Sys., Inc.,* 742 F.2d 1388, 1399 (Fed Cir. 1984)). "[J]urisdiction must exist at all stages of review, not merely at the time the complaint was filed, … a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." *Streck, Inc. v. Research & Diagnostic Sys. Inc.,* 665 F.3d 1269, 1282-83 (Fed. Cir. 2012).

In support of their motion, Defendants contend that its' Liberty No Solar Panel ("NSP") and Liberty Next Gen ("LNG"), which were offered for sale in June and October 2016 after Plaintiff filed this suit, lack solar panel or solar cells and therefore cannot literally infringe the patents-in-suit. [Doc. No. 190-1 at 9-10.] Additionally, Defendants assert that the NSP and LNG cannot infringe under the judicially-created doctrine of equivalents. [*Id.* at 13-16.] In their reply brief, Defendants make two additional arguments as to why the motion is properly before the Court. First, they argue that because there is a dispute as to whether the NSP and LNG meters are non-infringing alternatives for the purpose of calculating a reasonable royalty the Court has jurisdiction. [Doc. No. 231 at 5-7.] Second, they assert that the Court's indication that the '310 and '054 patent infringement claims filed against CivicSmart in the related litigation, Case No. 3:17-cv-00632-CAB-MDD, should be moved to this case, has resulted in the Court having jurisdiction over the issue of whether the NSP and LNG meters infringe these patents. [*Id.* at 7-9.]

Plaintiff does not dispute that the NSP or LNG meters do not include either a solar panel or solar cell. Rather, IPS counters that it has never accused the NSP or LNG meters of infringement, that neither of these products have appeared in IPS's preliminary or amended infringement contentions, and it has only accused the "traditional Liberty meter (with solar panels) of infringement in this case." [Doc. No. 207 at 7.] Plaintiff posits that as result there is not a justiciable case or a live case or controversy regarding these two products and this Court, therefore, lacks jurisdiction to decide a motion on unasserted claims.

Here, Plaintiff's SAC alleges infringement of "at least Claim 1of the '054 Patent" because it includes, among other things, "an upper portion with a solar panel that charges the power management facility." [Doc. No. 34 at ¶ 31(h).] Plaintiff's Amended Infringement Contentions, dated January 17, 2017, refer to the Duncan Liberty® Single-Space Meters ("the Liberty® Meter") and the MS™ and M5™ Single-Space Smart Parking Meters. [Doc. No. 221-17 at 9-15.] Further, the preamble to the Claim Chart Comparing Claim 1 of '054 patent to the Liberty® Meter states:

> at this time IPS Group alleges that the Accused Products include at least Duncan's Liberty® Meters. These contentions therefore analyze infringement by the Liberty® Meter. However, later discovery in this case may reveal that additional products made, used, sold, offered for sale, or imported by DPT and/or DSI infringe this claim. IPS Group reserves the right to supplement its contentions to add additional accused products based on subsequent discovery.

[*Id.* at 64.] The claim chart itself includes multiple instances where the solar panel is identified as an element of the accused products. For example, Plaintiff notes that "Duncan advertised that the Liberty® Meter is '[s]olar powered with rechargeable battery for extended life'…. The battery pack is continuously recharged by two solar panels mounted below the front and rear LCD displays. . . . The mechanism will automatically switch back to the primary batteries once the solar panels have sufficiently recharged the battery pack." *Id.* at 73. *See also Id.* at 77, 90-92, 98-100,101, 103, 104, 107-08. In sum, not only are

5

15-cv-1526-CAB (MDD)

the LNG and NSP meters not specifically identified anywhere within the infringement contentions or SAC, the general Liberty® Meters accused of infringing include solar panels which means that the LNG and NSP do not fit within this definition.

In light of these circumstances, the Court concludes that Plaintiff has not alleged or contended that the LNG and NSP meters are devices that infringe the patents-at suit. As a consequence, the Court **DENIES AS MOOT** Defendants' motion for summary judgment on the LNG and NSP meters. The Court further concludes that Plaintiff is estopped from asserting the LNG and NSP meters infringe the '310 patent. At this time, the Court offers no opinion as to whether the LNG and NSP meters are non-infringing alternatives. Whether they constituted an alternative would depend on facts not before the Court, such as whether solar powered capability was driving demand for the product. This issue has not been properly briefed and is best addressed in relation to damages opinions and testimony.

### III. Conclusion

Based on the foregoing, the Court **DENIES AS MOOT** Defendants' motion for summary judgment [Doc. No. 177].

It is **SO ORDERED**.

Dated: October 2, 2017

Hon. Cathy Ann Bencivengo
United States District Judge