1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  IPS GROUP, INC.,                          Case No.:  15-CV-1526-CAB-(MDD)

12                              Plaintiff,
                                             **ORDER GRANTING MOTION FOR**
13  v.                                        **SUMMARY JUDGMENT**

14  DUNCAN SOLUTIONS, INC., et. al,
                                             [Doc. Nos. 136, 173, 176, 178, 188, 189]
15                            Defendants.

16

17          Before the Court is Defendants Duncan Solutions, Inc. and Duncan Parking

18  Technologies, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent

19  No. 8,595,054.  The moving defendants (collectively "Duncan") assert that Plaintiff IPS

20  Group, Inc., cannot establish that at least four of the claim limitations of the '054 patent

21  are present in the accused Liberty parking meter. [Doc. Nos.  176 and 189, (184-1 sealed

22  version)].  The motion has been fully briefed [Doc. Nos. 206 (221 sealed version), 230

23  (235 sealed version)], and the Court heard argument on November 9, 2017.  For the reasons

24  discussed below, the motion is granted in part and denied in part.

25      **I.      Background**

26          The '054 patent relates to single bay parking meters.  [Doc. No. 34-1.]  The meter

27  device of the invention is solar powered and is capable of accepting payment by cash and

28  non-cash means such as a credit or debit card, Smart card, smart phone, or electronic tag

or toll pass.  The device is designed so that it may be retrofitted into a conventional single space parking meter housing.  [*Id*., Col 3:33-43.]  The lower portion of the meter device is configured to have a shape and dimensions such that it may be received within an existing housing base.  An existing housing cover may be replaced to accommodate the upper portion of the claimed meter device such that when the cover of the housing is closed the meter device fits within the housing with the payment means accessible to the user.[1]  Plaintiff IPS Group, Inc. ("IPS") alleges Duncan's meters infringe claim 1 of the '054 patent.  Claim 1 covers:

> A parking meter device that is receivable within a housing base of a single space parking meter, the parking meter device including:
>> a timer;
>> a payment facilitating arrangement operable in cooperation with a non-cash payment medium for effecting payment of a monetary amount for a parking period;
>> a display configured to visually provide a balance remaining of the parking period;
>> a power management facility that supplies power to the timer, payment facilitating arrangement, and display;
>> a wireless communications subsystem configured to receive information relating to the non-cash payment medium in respect of the payment facilitating arrangement;
>> a keypad sensor that receives input comprising manipulation by the user;
>> a coin slot into which coins are inserted for delivery to the coin sensor and then to a coin receptacle; and
>> a lower portion and an upper portion;
>> wherein the keypad sensor operates the parking meter and determines parking time amount for purchase in accordance with the received input from the user;

---

[1] See Doc. No. 63-1 at 34, 36, distinguishing prior art references that do not teach the benefit of a "modular electronics assembly comprising a lower portion and an upper portion, wherein the lower portion is configured to have a shape and dimensions such that the lower portion is receivable within the base portion of the conventional parking meter housing and the upper portion is enclosed by a cover wherein the payment facilitation arrangement is accessible," or "a device that fits into a single space parking meter housing… all of which fits within the housing base of the parking meter housing, such that the payment facilitation arrangement is accessible when the device is closed by a cover that fits over the device and engages the housing base."

wherein the display provides the amount of time purchased in response to the received input from the user;

wherein the upper portion of the parking meter device includes a solar panel that charges the power management facility;

wherein the lower portion of the parking meter device is configured to have a shape and dimensions such that the lower portion is receivable within the housing base of the single space parking meter; and

wherein the upper portion of the parking meter device is covered by a cover that is configured to accommodate the upper portion and that is engageable with the housing base of the single space parking meter such that the payment facilitating arrangement is accessible by the user for user manipulation effecting the payment of the monetary amount for the parking period when the lower portion of the parking meter device is received within the housing base and the upper portion is covered by the cover.

[*Id.*, Col 5:43 – Col 6:17.]

Duncan contends that the accused Liberty meter fails to meet four limitations of claim 1: (1) it does not have a solar panel that charges the power management facility; (2) it does not include a power management facility that supplies power to a display; (3) it does not include a power management facility that supplies power to the timer; and (4) it does not have a lower portion configured to have a shape and dimensions such that the lower portion is receivable within the housing base of the single space parking meter.

## II.    Legal Standard

Determining whether a claim has been infringed requires a two-step analysis. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *PC Connector Solutions LLC v. Smartdisk Corp.,* 406 F.3d 1359, 1362 (Fed. Cir. 2005) (citation omitted).    To prove direct infringement, "the plaintiff must establish by a preponderance of the evidence that the accused device infringes one or more claims of the patent either literally or under the doctrine of equivalents." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001).    Thus, "[s]ummary judgment on the issue of infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused

15-CV-1526-CAB-(MDD)

1  device either literally or under the doctrine of equivalents." *PC Connector Solutions,* 406
2  F.3d at 1364; *see also* Fed. R. Civ. P. 56(a).

3  **III.    Discussion**

4  **A.    A solar panel that charges the power management facility**

5  Duncan contends that as a matter of law the accused Liberty parking meter does not
6  meet the limitation of claim 1 requiring that the meter has a power management facility
7  that is charged by a solar panel.  The Court previously construed "power management
8  facility" as *circuitry and software that directs power to the parking meter device as*
9  *required*.  [Doc. No. 72 at 3.]  It is undisputed that the accused Liberty meter has a solar
10 panel that provides power to the meter.  The parties also acknowledged at the hearing that
11 circuitry that comprises a power management facility may include capacitors that would
12 store energy, i.e., could be charged.

13 IPS contends that a component of the Liberty meter identified as the multipurpose
14 peripheral board (MPB) functions as the power management facility in the accused device.
15 IPS argues that the solar panels of the Liberty meter provide energy directly to the MPB
16 which is capable of storing that energy.  The MPB then directs power to the components
17 of the meter, including the battery. IPS contends this arrangement meets this claim
18 limitation. [Doc. No. 221 at 7-8.]

19 Duncan, meanwhile, argues that the solar panels in the Liberty meter solely charge
20 the meter's battery which in turn provides power to meter's other components.  Duncan
21 asserts that although the power from the solar panels may be directed by the MPB to the
22 battery, the battery is the component that is charged, not the MPB, meaning the claim
23 limitation is not met.

24 The Court finds there to be a material dispute as to the operation of the Liberty meter.
25 If as IPS contends (1) the energy generated by the solar panels is sent to the MPB, (2) the
26 MPB is capable of being charged, and (3) the MPB consists of circuitry and software that
27 directs power to the parking meter device as required, a jury could find that this limitation
28

4

is met by the Liberty meter. The motion based on IPS's inability as a matter of law to meet this claim limitation is therefore denied.

**B.    A power management facility that supplies power to the timer; to the display**

Duncan proffered that supplying power means to make it available for use. [Doc. No. 184 at 9, ¶9.] IPS contends that the MPB in the accused device functions as the power management facility and that the MPB supplies power to the meter's display and timer. Duncan asserts that the meter's battery is the sole source of power to the display and timer and that if the battery is disconnected the display and timer would not operate.

The Court again finds there is a material dispute as to the operation of the Liberty meter. If, as IPS contends, the MPB is the claimed power management facility, and the MPB directly supplies power to the meter's timer and display, a jury could find that these limitations are met by the Liberty meter. The motion based on IPS's inability as a matter of law to meet these claim limitations is therefore denied.

**C.    The lower portion of the parking meter device is configured to have a shape and dimensions such that the lower portion is receivable within the housing base of the single space parking meter**

Finally, Duncan argues that the accused device does not meet the claim limitation that the lower portion of the device be configured such that it is receivable within the housing base of the meter. The Court previously construed "upper portion" as *the portion of the parking meter device that extends above the parking meter housing base when the lower is received within the housing base*, and "lower portion" *as the portion that is below the upper portion of the device*. [Doc. No. 72 at 4; *see also* Doc. No. 34-1, Col. 3:28-45; Fig. 1 and 2.] The Court was not asked to and did not construe "receivable within." In the context of this patent, the Court finds the ordinary meaning of "receive" to be *contain* and therefore construes "receivable" as *capable of being contained* and "within" as *inside*.

The claim requires that the lower portion of the meter device be "configured to have a shape and dimensions such that the lower portion is receivable within the housing base

of the single space parking meter." [Doc. No. 34-1, Col. 6:4-7.] The Court construes this to require that the lower portion of the device have a shape and dimensions such that it is capable of being contained inside the housing base. Consequently one must consider the shape and dimensions of the housing base.

The claim further requires that the housing cover and the housing base must be engageable such that when the housing is closed the payment facilitating arrangement is accessible to the user for manipulation. [*Id*., Col. 6:8-17.] This is accomplished in the preferred embodiment[2] by locating the card slot (which is in the upper portion of the device) [*id*., Col. 3:46-49] and coin slot (which is in the lower portion of the device) [*id*., Col 3:44-45] in an "opening defined between the housing base and cover" when the cover is closed. [*Id*., Col 4:2-5.] Therefore the housing base and cover are configured such that they are not completely flush when engaged. The base is configured to have a cut-out or opening. The claim requires that lower portion of the device be configured to be contained inside this physical structure (34).



2 The claim does not include any limitation as to where the coin slot, payment facilitating arrangement (card slot) or a keypad sensor components are located on the device. The preferred embodiment is an example of an arrangement, but is not limiting. It is however helpful in understanding the configuration of the base that must receive (contain) the lower portion of the device.

6

15-CV-1526-CAB-(MDD)

1  The accused device is depicted below in Picture 1.  Picture 2 shows the accused device in

2  a meter housing.

3                  Picture 1.                                                  Picture 2.

4                                                                  Upper Portion







                                                                Lower Portion

13        The line drawn on Picture 1 demarks the portion of the accused device that is above

14  the housing base when the device is inserted into the meter housing as shown in Picture 2.

15  Applying the claim limitations as construed by the Court, the portion above the line is the

16  upper portion and the portion below the line is the lower portion.  The lower portion of the

17  Liberty meter includes a coin slot, a card slot and a keypad sensor.  As shown in Picture 2,

18  the housing used with the Liberty meter has an opening between the cover and the base

19  such that when the cover is closed the card slot and the coin slot are accessible to user

20  manipulation.  (The parties refer to this as a U-shaped cut-out in the base.)  When the

21  Liberty meter is inserted into the housing, the card slot and coin slot, which are part of the

22  lower portion, are located in an opening between the base and the cover, not unlike the coin

23  slot in the preferred embodiment.  The key pad, however, which is also in the lower portion

24  of the accused device, is not located in that opening between the base and the cover when

25  the cover is closed.  It extends below that opening and overlaps the structure of the base.

26  It is on the outside of the housing base.  The lower portion of the Liberty meter, therefore,

27  is shaped and dimensioned such that it is not received within the base, but has a protrusion

28  that is on the outside of the housing base.

7

IPS argues that because a portion of the accused device that is below the upper portion (*i.e.,* a portion of the lower portion) is received within the housing that is sufficient to meet the claim limitation. [Doc. No. 221 at 23.] The claim, however, requires that the lower portion be configured to have a shape and dimensions such that the *entire* lower portion is receivable within the housing base. It has no modifiers that the lower portion be generally, or substantially, contained inside the base. The design of the Liberty meter does not come within the claim limitation because part of the lower portion of the Liberty meter is not receivable within the housing base. Accordingly, no reasonable jury could find that this limitation is met.

## IV. Conclusion

Because the Liberty meter does not meet a limitation, the Liberty meter does not infringe claim 1 of the '054 Patent. *Bayer AG v. Elan Pharm. Research Corp.,* 212 F.3d 1241, 1247 (Fed. Cir. 2000) ("If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."). Further, because the other asserted claims all depend from claim 1, they cannot be infringed either. *See London v. Carson Pirie Scott & Co.,* 946 F.2d 1534, 1539 (Fed. Cir. 1991). Accordingly, it is hereby **ORDERED** that Duncan's motion for summary judgment **GRANTED** and **JUDGMENT** shall be entered for Duncan.[3]

It is **SO ORDERED**.

Dated: December 1, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] All other pending motions are denied as **MOOT** as a result of this order. Defendant CivicSmart, Inc, was joined to this litigation after Duncan filed this motion for summary judgment and is not a party to this decision. Based on the amended complaint adding CivicSmart, it appears that the infringement allegations against that CivicSmart are for the same products considered in this Order and therefore this Order is dispositive of the litigation. If so, CivicSmart and/or IPS are directed to file an appropriate notice or motion to close this matter.

15-CV-1526-CAB-(MDD)