UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DUNCAN SOLUTIONS, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-1526-CAB (MDD)<br><br>**ORDER RE DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 266] |

This matter is before the Court on Defendants' motion for attorneys' fees. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. The motion is granted in part and denied in part.

**I.　Background**

Plaintiff IPS Group, Inc. ("IPS") filed this lawsuit alleging that Defendants Duncan Solutions, Inc., and Duncan Parking Technologies, Inc. (together, "Duncan") infringed United States Patent Numbers 7,854,310 (the "'310 Patent"), and 8,595,054 (the "'054 Patent"). The '310 Patent claims a parking meter that is battery-operated and rechargeable by solar-power. Both of the asserted independent claims under the '310 Patent required a housing comprised of an intermediate panel set and a cover panel with buttons that operate the parking meter. IPS alleged that Duncan's Liberty Meter infringed the '310 Patent. The

Court, however, granted Duncan's motion for summary judgment of non-infringement, finding that the Liberty Meter does not have a plurality of buttons on the cover of the meter that operate the meter and that therefore, no reasonable jury could find that the accused devise has all of the limitations of the independent claims from the '310 Patent asserted by IPS. The Court also held that there was no infringement under the doctrine of equivalents. [Doc. No. 198.]

The '054 Patent also relates to parking meters. Specifically, the meter device of the invention is solar powered, is capable of accepting cash and other means of payment, and is designed so that it may be received within an existing housing base. IPS alleged that Duncan's Liberty Meter infringed Claim 1 of this patent. Duncan moved for summary judgment of non-infringement, arguing that its Liberty Meter does not meet four limitations of Claim 1. The Court held that disputes of fact precluded summary judgment on non-infringement based on three of the limitations argued by Duncan. However, the Court granted summary judgment based on the limitation that the lower portion of the device be configured such that it is receivable within the housing base of the meter, finding that the lower portion of the Liberty Meter was not receivable within the base because it has a protrusion that is on the outside of the housing base. Thus, the Court concluded that no reasonable jury could find that the limitation was met. [Doc. No. 258.]

Duncan now moves for a declaration that this case is exceptional and an award of its attorney's fees under 35 U.S.C. § 285. Alternatively, Duncan seeks its fees and expenses pursuant Federal Rules of Civil Procedure 11 and 54(d)(2), and 28 U.S.C. § 1927.

**II.    Attorney's Fees under 35 U.S.C. § 285**

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, to award fees, the Court must find both that this case was exceptional, and that Defendants were the prevailing parties. There is no dispute that Defendants were the prevailing parties. The only question is whether this case was exceptional.

2

15-cv-1526-CAB (MDD)

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys.*, 134 S. Ct. 1744, 1749 (2014) ("[T]he determination of whether a case is 'exceptional' under § 285 is a matter of discretion."). Factors relevant to this analysis include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S.Ct. at 1756 n.6 (citation omitted). "[T]he amount of the attorney fees depends on the extent to which the case is exceptional. In other words, the exceptionality determination highly influences the award setting." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001). Ultimately, "the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013).

### A. The '310 Patent

IPS's litigation of its claim for infringement of the '310 Patent through summary judgment was exceptional because its infringement contentions were objectively baseless and unreasonable. "[A] party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) (affirming exceptional case finding). Both of the independent claims asserted by IPS require that the surface of the cover panel to the meter have "a plurality of buttons that operate the parking meter upon manipulation by a user." As explained in the Court's summary judgment order, the Liberty Meter quite obviously does not have any buttons on its cover panel. A cursory inspection of the exterior of the Liberty Meter would

have revealed this fact and should have caused IPS to determine that the Liberty Meter did not meet this limitation of the '310 Patent. Indeed, this obvious deficiency with IPS's infringement claim was apparent in IPS's infringement contentions that completely failed to identify this claim limitation on the accused device. [Doc. No. 198 at 7.] Further IPS's opposition to the summary judgment advanced an argument it had not presented in its infringement contentions or could reasonably be supported by the patent. The need for the claim construction was the result of IPS's expert's tortured construction of the meaning of the plain claim language.[1] [Doc. No. 198 at 7 n.3.]

Considering the totality of the circumstances surrounding IPS's claim that Duncan infringed the '310 Patent, this case stands out from others with respect to the strength of IPS's litigating position. That IPS's claims of infringement of the '054 Patent were not so frivolous as to warrant an exceptional case finding (see *infra*) does not save IPS from a finding that these claims were exceptional. *See generally Therasense, Inc. v. Becton, Dickinson & Co.*, Nos. C 04-2123 WHA, C 04–03327 WHA, C 04–03732 WHA, C 05–03117 WHA, 2008 WL 3915967 (N.D. Cal. Aug. 21, 2008) (making exceptional case determination for only one of several infringement claims made in lawsuit). IPS's assertion and continued litigation of its frivolous claim for infringement of the '310 Patent entitle Duncan to its attorney's fees related to that claim.

### B. The '054 Patent

IPS's claim for infringement of the '054 Patent does not merit an exceptional case finding. The mere fact that the Court ultimately granted Duncan's motion for summary judgment of non-infringement is not enough. Unlike with the '310 Patent, whether the Liberty Meter satisfied all of the limitations applicable to the asserted '054 Patent claim

---

[1] IPS contends that the Court's need to construe certain terms in the '310 Patent is evidence that IPS's infringement claims were not frivolous. However, the only reason the Court needed to construe such terms was because IPS argued for illogical and implausible constructions of those terms. [Doc. No. 198 at 7 n.4.] *Cf. Taurus IP*, 726 F.3d at 1327 (noting in affirming exceptional case finding by the district court that the plaintiff's proposed claim constructions "fall below the threshold required to avoid a finding of objective baselessness").

4

15-cv-1526-CAB (MDD)

was not obvious, and IPS's infringement claim, while non-meritorious, was not frivolous or unreasonable. Further, although IPS's litigation of this claim was zealous (and perhaps over-zealous), considering the totality of the circumstances, it was not so unreasonable as to warrant an award of fees on that ground. Accordingly, Duncan is not entitled to its attorney's fees related to the defense of this claim.

### III. Attorney's Fees under 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney. . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Federal Circuit applies the law of the regional circuit court when reviewing a district court's decision awarding or denying fees under section 1927. *Phonometrics, Inc. v. Westin Hotel Co*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). Under Ninth Circuit law, section 1927 sanctions must be supported by a finding of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (citation omitted). Although it did not expressly say so, the Supreme Court at least implied that the requirements for awarding sanctions under this provision are more stringent than the requirements of 35 U.S.C. § 285. *See Octane Fitness*, 134 S.Ct. at 1756-57 ("Under the standard announced today, a district court may award fees [under 35 U.S.C. § 285] in the rare case in which a party's unreasonable conduct–while not necessarily independently sanctionable–is nonetheless so 'exceptional' as to justify an award of fees.").

In this case, although IPS's infringement claims were non-meritorious and, with respect to the '310 Patent, frivolous, the Court is not persuaded that IPS, or its attorneys, acted with bad faith or recklessness in this litigation. Accordingly, Duncan is not entitled to fees under 28 U.S.C. § 1927.

### IV. Rule 11/Inherent Powers

Duncan half-heartedly argues that IPS's conduct also warrants a fee award pursuant to Federal Rule of Civil Procedure 11 or the Court's inherent powers. The Court declines to award any additional fees or expenses pursuant to either rule or provision.

### V. Disposition

In light of the foregoing, Duncan's motion is **GRANTED** insofar as it seeks an exceptional case finding and attorney's fees and expenses related to Duncan's defense of IPS's claims of infringement of the '310 Patent, and **DENIED** in all other respects. Duncan shall file a request for fees and expenses related exclusively to its defense of the '310 Patent infringement claims on or before **June 4, 2018**. IPS may file an opposition to the amount of fees requested on or before **June 18, 2018**, and Duncan may file a reply on or before **June 25, 2018**. The Court will then issue an order as to the amount of the award in due course.

It is **SO ORDERED**.

Dated: May 14, 2018

Hon. Cathy Ann Bencivengo
United States District Judge