UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUNCAN SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: 15-cv-1526-CAB (MDD) <br><br> **ORDER ON REQUEST FOR AWARD OF FEES AND EXPENSES** <br><br> [Doc. No. 301] |

On May 14, 2018 the Court entered an order granting the Defendants' motion for an exceptional case finding pursuant to 35 U.S.C. § 285, with regard to the assertion by Plaintiff IPS Group, Inc., of United States Patent No. 7,854,310 ("the '310 patent") against Defendants Duncan Solutions, Inc., Duncan Parking Technologies, Inc., and Civicsmart, Inc. (jointly "Duncan"). [Doc. No. 299.] Duncan was directed to file an application for fees and expenses related exclusively to its defense of the '310 patent infringement claims. [*Id.*, at 6.]

On June 4, 2018, Duncan filed its fee motion. [Doc. No. 301.] IPS filed an opposition on June 18, 2018. [Doc. No. 302.] Duncan filed a reply on June 25, 2018.

[Doc. No. 307.][1] Based on the submissions of the parties, the Court finds this motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## I.     Legal Standard

A district court may award reasonable attorneys' fees in an exceptional case pursuant to 35 U.S.C. § 285. The requirement that fees awarded be reasonable is a safeguard against excessive reimbursement. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). Reasonableness is assessed at the discretion of the district court. *Lam v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983); *Lumen View Tech., LLC v. Findthebest.com, Inc.,* 811 F.3d 479, 483 (Fed. Cir. 2016) (district courts have discretion to determine the amount of legal fees upon a determination that a case is exceptional). The award of expenses is also properly within the scope of § 285. *Cent. Soya Co., Inc., v. Geo. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed. Cir. 1983).

Ascertaining what constitutes a "reasonable" fee requires determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate for the value of the lawyer's services." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (A reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.)

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. To do so, the applicant should submit evidence supporting the hours worked and rates claimed. *Id.*

---

[1] In conjunction with its reply, Duncan filed a motion for leave to lodge its unredacted bills with the Court for *in camera* review [Doc. No. 305], which IPS opposed [Doc. No. 310]. IPS also submitted a surreply to Duncan's reply motion. [Doc. No. 311.] Duncan's request for leave to submit the supporting documentation for its motion for *in camera* review [Doc. No. 305] is **denied**. The Court also did not consider the surreply filed by IPS as it was submitted without the Court's permission, consequently IPS's motion [Doc. No. 311] is also **denied**.

2

15-cv-1526-CAB (MDD)

When a party has submitted inadequate records, the court is "neither obligated to explain what type of records should be submitted, nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award." *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1306 (9th Cir. 1994).

The court must determine the number of compensable hours the attorneys and staff reasonably expended on the litigation. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433; *see also Kabos v. Schwan's Home Serv., Inc.*, No. CV-F-09-856 LJO SKO, 2010 WL 3943609, at *5 (E.D. Cal. Oct. 4, 2010) (reducing the fees unsubstantiated by redacted hours). If the redacted entries have descriptions that provide sufficient information as to the tasks, the fees can be recovered. *Jones v. Corbis Corp.*, 489 Fed. App'x 155, 157 (9th Cir. 2012).

## II. Discussion

Duncan's perfunctory application seeks an award of $1,320,930.69 in fees and expenses[2] [Doc. No. 301], and is supported by the Declaration of Joshua Kalb and the exhibits thereto. [Doc No. 301-1 through 301-7.] The exhibits consist of: (1) spreadsheets summarizing the amounts invoiced by three law firms and a litigation support service that represented the defendants in this case [Doc. No. 301-2]; (2) the invoices used to create those spreadsheets, with "the privileged narratives redacted" [Doc. No. 301-1 at ¶12; 301-3]; (3) spreadsheets calculating non-expert and non-taxable costs and expenses [Doc. No. 301-4]; (4) document review and data management invoices [Doc. No. 301-5]; a summary of expert fees [Doc. No. 301-6]; and expert fee invoices, with the narratives redacted [Doc No. 301-7.]

Duncan was directed to provide an application for fees and expenses incurred

---

[2] Alternatively Duncan seeks $1,423,902.64 with expert fees included. Expert fees, however, are only allowable if there is "fraud on the court or abuse of judicial process." *Amsted Ind. v. Buckeye Steel Castings Co.,* 23 F.3d 374, 379 (Fed. Cir. 1994). The Court did not make a finding to support the recovery of expert fees in this case.

**exclusively to its defense of the '310 patent infringement claims**. Through the declaration of Mr. Kalb, Duncan represents that it has segregated the fees incurred in this case into three categories – those incurred solely with regard to the litigation of the '310 patent ($103,735.24 or approximately 9% of the fees requested), those incurred solely with regard to U.S. Patent No. 8,595,054, and fees incurred with regard to litigation of both patents which were "so intertwined as to be inseparable." [Doc No. 301-1, at ¶ 8.] The actual nature of the work relegated to each category however is a mystery.

Entirely absent from Duncan's motion, and reply, is any description of the work performed by counsel or the staff. Mr. Kalb's declarations [Doc. Nos. 301-1 and 307-1][3] provide no description whatsoever of the tasks performed by the various timekeepers. There is no summary of hours incurred in relation to any particular pleading, motion or discovery task. No description is provided of how timekeepers were allocated to the performance of any specific litigation event or filing. No explanation is included as to nature of the tasks performed that Duncan categorizes as exclusive to the defense of the '310 patent, to which Duncan's recovery is limited.

The over 400 pages of invoices provided [Doc No. 301-3] have been **completely** redacted of all narrative description of the work performed. Mr. Kalb asserts on behalf of Duncan that "privileged narratives" have been redacted. [Doc. No. 301-1, at ¶12.] "[T]he general purpose of the work performed [is] usually not protected from disclosure by the attorney-client privilege." *Clarke v. American Commerce Nat. Bank,* 974 F.2d 127, 129 (9th Cir. 1992). The Court is highly skeptical that the descriptive narratives of every single time entry by every single timekeeper in this case constituted an attorney-client privileged communication or work product. Such blanket assertions of attorney-client privilege are extremely disfavored. *Id.*

---

[3] Mr. Kalb's declaration filed with the reply brief focuses almost exclusively on responding to IPS Groups' dispute with the reasonableness of the counsel and staff's rates. [Doc No. 307-1.] Having not considered the document attached as Exhibit B to Mr. Kalb's declaration, the Court **denies as moot** the related Motion to File Document Under Seal [Doc. No. 306].

Further, Duncan's broad privilege assertion did not preclude Duncan from providing any descriptions of work performed. Mr. Kalb's declaration could have included, for example, the identity of the timekeepers who worked on the claim construction proceedings or motion for summary judgment of non-infringement of the '310 patent, the number of hours each individual recorded and a general explanation of the task each provided (i.e., research, drafting, assembling exhibits, arguing the motion) without treading on privileged subject matter. Duncan's motion however provides no evidence of the nature of the tasks performed, it only identified timekeepers, and the hours and amounts billed. The lack of detail does not allow the Court to make an analysis of the reasonableness of the work performed. *See, e.g., Junker v. Eddings,* 396 F.3d 1359, 1366 (Fed. Cir. 2005) (vacating a fee award because conspicuously absent from the record was the kind of evidence usually analyzed in determining a reasonable attorney fee including records "showing tasked performed in connection with the litigation.").

It was Duncan's burden to provide the Court with appropriate fee documentation to permit the Court to ascertain what service the billing attorney or paralegal was performing, and whether it was a reasonable and necessary expenditure of time and that it was exclusively for the defense of the '310 patent infringement claim. This burden has not been met, as pointed out by IPS Group in its opposition. [Doc. No. 302 at 16.] In reply [Doc. No. 307], Duncan responds to examples IPS Group raised to challenge the blanket assertion that all hours Duncan claims were reasonable and necessary, however Duncan did not provide any further detail to support its unsubstantiated assertion that the general categorizations of hours billed are fully recoverable under the Court's order, and all the work was reasonable and necessary.

The Court declines Duncan's offer to provide the Court with the 400 plus pages of billing records unredacted *in camera* so the Court can review the individual entries and determine from the hundreds of pages the reasonableness of the work performed. As Duncan itself states in its motion the Court should not be burdened with "a tedious review of voluminous time entries and hourly rates" and yet Duncan's proposal does exactly that,

making it the Court's task to perform a line-by-line evaluation of the billing entries to ascertain who did what, when and whether it was a reasonable expenditure of time. Further, opposing counsel has the right to challenge the basis for a fee award, and the Court is entitled to opposing counsel's views. *See Novartis Corp. v. Webvention Holdings LLC*, Civil No. CCB-11-3620, 2016 WL 3162767, at *3 (D. Md. June 7, 2016) (after finding a case exceptional, denying fee motion due to the deficiencies of application and rejecting the movant's proposal that the court perform an *in camera* review to find support for the award claimed).

Without any helpful information from Duncan to enable the Court to assess whether the fees and expenses claimed for work exclusive to the litigation of the '310 patent are reasonable, Duncan's motion could properly be denied in its entirety. However, this is an equitable determination, and the Court still considers some recovery for the costs incurred to defend against the assertion of the '310 patent is appropriate. Therefore the Court relies on its "overall global understanding of the case" and review of the docket to determine a reasonable fee award.

The litigation was filed on July 10, 2015, asserting infringement of the '310 patent and the '054 patent. An amended complaint was filed on September 4, 2015. On October 23, 2015, Duncan filed both a motion to dismiss and a motion for stay pending *inter partes* review ("IPR") of the two asserted patents. IPS Group amended the complaint in response to the motion to dismiss on January 4, 2016. Duncan answered and counterclaimed on February 16, 2016. On March 21, 2016, the Court granted a temporary stay pending the determination of whether the Patent Office would institute an IPR. IPR was instituted as to the majority of the claims of the '310 patent, including the two independent claims.

On April 14, 2017, the Court granted a joint motion to lift the stay on the '310 patent, the IPR having concluded. Almost immediately thereafter, Duncan filed a motion for summary judgment of non-infringement of the '310 patent on May 3, 2017. After the motion was fully briefed, on July 7, 2017, the Court determined claim construction was required to resolve the motion and ordered briefing on certain claim terms of the '310

patent. A claim construction hearing was held on August 7, 2017 and on August 16, 2017 the Court granted Duncan's motion for summary judgment of non-infringement of the '310 patent.

Considering this litigation history, and the billing rates of counsel for Duncan as set forth in Duncan's reply, which the Court finds reasonable for this community and this type of litigation, the assessment by Duncan that approximately $100,000 of fees were incurred exclusively to defend the infringement allegations of the '310 patent appears reasonable. The exceptional case award was for the unreasonable assertion of the '310 patent in this case, and the recovery of fees and expenses was specifically limited to those exclusively incurred to defend against that patent. Measured by the pleadings and motions filed attributable to the '310 patent, the Court, in its discretion, awards Duncan $100,000.00.

It is **SO ORDERED**.

Dated: August 17, 2018

Hon. Cathy Ann Bencivengo
United States District Judge